UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRANDON OFFICE** | : | **DOCKET NO. 2:22-cv-0429** |
| **D.O.C. # 396954** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **MARCUS MEYERS** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Brandon Office, who is proceeding *pro se* in this matter. Office is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana.

This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636. For the following reasons **IT IS RECOMMEDED** that the petition be **DISMISSED** without prejudice to petitioner's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

## I.
### BACKGROUND

Office brings this petition to attack his conviction in the Thirtieth Judicial District Court, Parish of Vernon of one count of armed robbery and one count of aggravated kidnapping and the

forty-year sentence he received. Doc. 1, att. 2, p. 10. He claims he was sentenced illegally. Doc. 1, p. 4.

Office first sought federal habeas relief in this court for the same conviction and sentence through a petition filed under 28 U.S.C. § 2254 on January 24, 2018, rejected on the merits on November 29, 2018. *See Garcia v. Cain*, No. 2:18-cv-0093 (W.D. La. Nov. 29, 2018). The petition presently before this Court is Office's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence.

## II.
### LAW & APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000). In this instance, the Court finds the present petition successive within the meaning of 28 U.S.C. § 2244(b). It contains claims that were or could have been raised in his earlier federal petitions.

When a petition is second or successive, then the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id*. § 2244(b)(3)(A) and (B).

From the face of this petition, it is apparent that this is a successive petition, and Office has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(1)-(3).

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 20th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE